IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELILAH L. KERR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1417-STE |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff brings this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration denying Plaintiff's applications for benefits under the Social Security Act. The Commissioner has answered and filed a transcript of the administrative record (hereinafter TR. ____). The parties have consented to jurisdiction over this matter by a United States magistrate judge pursuant to 28 U.S.C. § 636(c).

The parties have briefed their positions, and the matter is now at issue. Based on the Court's review of the record and the issues presented, the Court **REVERSES AND REMANDS** the Commissioner's decision.

I.     **PROCEDURAL BACKGROUND**

The Social Security Administration denied Plaintiff's application for supplemental security benefits and disability insurance benefits initially and on reconsideration. Following two administrative hearings, an Administrative Law Judge (ALJ) issued an

unfavorable decision. (TR. 16-28). The Appeals Council denied Plaintiff's request for review. (TR. 1-3). Thus, the decision of the ALJ became the final decision of the Commissioner.

## II. THE ADMINISTRATIVE DECISION

The ALJ followed the five-step sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005); 20 C.F.R. §§ 404.1520 & 416.920. At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since June 30, 2012, the alleged disability onset date. (TR. 18). At step two, the ALJ determined Ms. Kerr had the following severe impairments: fibromyalgia, sensitivity to sunlight, and status-post lumbar surgery. (TR. 18). At step three, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1 (TR. 20).

At step four, the ALJ concluded that Ms. Kerr had the residual functional capacity (RFC) to:

> [P]erform light work as defined in 20 CFR 404.1567(b) and 416.967(b) as follows: She can occasionally lift/carry 20 pounds, and frequently 10 pounds; stand/walk at least six hours in an eight-hour workday; sit at least six hours out of an eight-hour workday; she should not have to climb ladders, ropes, and scaffolds; she should not work at unprotected heights; she can no more than frequently balance, stoop, kneel crouch or crawl; and she should not work in intense sunlight (but can work in an indoor environment).

(TR. 20).

With this RFC, the ALJ found that Plaintiff was capable of performing her past relevant work as a pharmacy technician. (TR. 26). Even so, the ALJ made alternate findings at step five. At a hearing on September 11, 2015, the ALJ presented the limitations set forth in the RFC, as outlined above, to a vocational expert (VE) to determine whether there were other jobs in the national economy that Plaintiff could perform. (TR. 67-68). Given the limitations, the VE identified two jobs from the Dictionary of Occupational Titles—mail clerk and electrical assembler. (TR. 68). The ALJ adopted the testimony of the VE and concluded at step five that Ms. Kerr was not disabled based on her ability to perform the identified jobs. (TR. 27).[1]

## III.  ISSUES PRESENTED

On appeal, Plaintiff alleges the ALJ erred in the evaluation of an opinion from a physician's assistant.

## IV.  STANDARD OF REVIEW

This Court reviews the Commissioner's final "decision to determin[e] whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied." *Wilson v. Astrue*, 602 F.3d 1136, 1140 (10th Cir.

---

[1]  The ALJ also adopted findings made from a VE at the first administrative hearing who had stated that Ms. Kerr could perform the jobs of information clerk and counter clerk. (TR. 27). But in making those findings, the VE had not considered the entirety of Plaintiff's limitations as set forth in the RFC which he ultimately adopted. *Compare* TR. 94 (hypothetical posed to VE) *with* TR. 20 (Plaintiff's RFC). Accordingly, the Court will only consider the ALJ's adoption of the jobs of mail clerk and electrical assembler at step five.

2010). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (quotation omitted).

While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court will "neither reweigh the evidence nor substitute [its] judgment for that of the agency." *Vigil v. Colvin*, 805 F.3d 1199, 1201 (10th Cir. 2015) (internal quotation marks omitted).

## V.    ERROR IN THE CONSIDERATION OF "OTHER SOURCE" EVIDENCE

Plaintiff alleges error in the evaluation of an opinion from a physician's assistant. Ms. Kerr's allegations have merit.

### A.    ALJ's Duty to Consider Evidence from "Other Sources"

Tenth Circuit law and Social Security Ruling 06-3p state that the ALJ must consider evidence from "other sources," who do not qualify as "acceptable medical sources." *Blea v. Barnhart*, 466 F.3d 903, 914-15 (10th Cir. 2006); Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and Nongovernmental Agencies, 2006 WL 2329939, at *4, *6 (SSR 06-3p). "Medical sources who are 'not acceptable medical sources,' [include] . . . physician assistants[.]" SSR 06-03-p, at *2.

Opinions from these "non-medical sources" who have seen the claimant in an official capacity should be evaluated using the following factors: (1) the length and frequency of the treatment, (2) consistency of the opinion with other evidence, (3) the

4

degree to which the source presents relevant evidence in support, (4) how well the source explains the opinion, (5) the level of the source's expertise, and (6) any other relevant factors. *Id.* at *5.

In evaluating "other source" evidence, not every factor will apply in every case. *Id*. However, the ALJ should explain the weight given to the "other source," ensuring that the decision allows a reviewing party to follow the adjudicator's reasoning. *Id*. at *5-6.

**B.    Treatment and Various Opinions from Ms. Braud**

From June 20, 2012 to October 29, 2015, Enid Family Medicine Clinic Physician's Assistant Krista Braud treated Plaintiff for a variety of complaints. (TR. 555-566, 571-583, 592-594, 598-605, 609-614, 617-622, 625, 632-633, 638-641, 643-649, 654-661, 676-681, 686-706, 708-709, 718-721, 723-724, 727-732, 763-767, 781, 792-794, 796, 798-803, 806-810, 813-815, 828-823, 985-991, 993-1002, 1004-1013). On April 29, 2013, Ms. Braud noted that Plaintiff was experiencing severe pain in her hips and pressure in her low back. (TR. 764). On January 20, 2014, Ms. Braud noted: "burning" hip pain, intermittent tingling and numbness in Plaintiff's legs, and that Ms. Kerr "seem[ed] to fall easily at times." (TR. 686). Based on the examination, Ms. Braud diagnosed bilateral hip pain and peripheral neuropathy. (TR. 689).

On April 28, 2014, Plaintiff complained of an unsteady gait, bilateral hip pain, and she requested a walker. (TR. 658). Upon examination, Ms. Braud noted that after walking five paces, Plaintiff's right leg became weaker, which caused her to "kneal [sic] downward." (TR. 660). Following that visit, Ms. Braud prescribed a folding walker with

wheels and a seat. (TR. 661). On May 19, 2014, Plaintiff reported continued weakness in her legs and that "sometimes her legs [went] out while she walk[ed]." (TR. 643). At that time, Ms. Braud diagnosed an unsteady gait and noted that Ms. Kerr was using a cane to walk for stability. (TR. 643, 646-647). On June 10, 2014, Ms. Braud noted that Plaintiff's gait was unsteady and that she was still using a cane to ambulate. (TR. 612-613). One week later, Ms. Braud again prescribed a rolling walker with a seat for Ms. Kerr due to her unsteady gait. (TR. 600, 603, 604).

In August 2015, Ms. Kerr was still complaining of bilateral hip pain and walking with a cane. (TR. 990-991). Although she was receiving steroid injections every three weeks, they only provided relief for approximately one week. (TR. 990). In October 2015, Ms. Kerr was still walking with a cane.

### C. Error in the Consideration of Ms. Braud's Opinion

In the decision, the ALJ:

- acknowledged Ms. Braud as a treatment provider;

- noted Ms. Braud's various impressions of Ms. Kerr suffering polyarthritis, polymorphous light eruption, GERD, headaches, bilateral hip pain, peripheral neuropathy, hemorrhoids, and insomnia; and

- recognized that Ms. Braud had prescribed a walker with wheels in April of 2014.

(TR. 23-24).

In assessing the opinion evidence, the ALJ stated that the RFC was supported by opinions from Dr. Alexander, DDS, Dr. Hamadeh, Dr. Cardich, Dr. Puckett, and Dr. Rao. (TR. 26). But the ALJ made no findings regarding whether the RFC was supported by Ms.

Braud's opinions, and indeed it appears as though a conflict existed. As stated, the RFC allowed for standing and walking 6 hours during an 8-hour workday and made no accommodation for Ms. Kerr's use of an assistive device—even though Ms. Braud had prescribed a walker and Plaintiff was walking with a cane at the hearing, which the ALJ acknowledged. (TR. 20, 21).

> In assessing all of the opinion evidence, the ALJ stated:
>
> As for the opinion evidence; the claimant has been treated by several physicians. Dr. Hamadeh, Dr. Cardich, Dr. Puckett, Dr. Rao, and also by Ms. Braud, a physician's assistant. However, Dr. Alexander is a medical expert who reviewed all the medical evidence in the file. His opinions appear consistent with the objective evidence in the file such as that mentioned in the previous paragraph. Therefore, his opinions are given great weight.

(TR. 25). Although the ALJ mentioned Ms. Braud, he omitted any discussion of her findings that Plaintiff had suffered from an unsteady gait and required an assistive device to ambulate. As stated, the ALJ has a duty to explain the weight given to "other source," evidence, to "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning[.]" SSR 06-3p at *6. Here, the ALJ credited the opinion from the medical expert, which he was obligated to do. But doing so did not relieve him of his duty to explain his assessment of Ms. Braud's opinions, especially considering the glaring conflict between Ms. Braud's findings and the RFC.

The Commissioner attempts to defend the ALJ's decision by pointing to various opinions that allegedly provide substantial evidence in support of the RFC. (ECF No. 20:4-6). But the issue is not whether substantial evidence existed to support the RFC, it is

7

whether the ALJ fulfilled his legal obligation to evaluate Ms. Braud's opinion. In addition, Ms. Berryhill relies on:

- Ms. Kerr's reports of improvement on medication,
- The fact that Ms. Braud had only prescribed the walker on Plaintiff's request, and
- A one-time notation by Ms. Braud that Plaintiff suffered from "no limp," and
- Plaintiff's daily activities.

(ECF No. 20:7-12). The Court makes no findings on whether these explanations provide a sufficient basis on which to reject Ms. Braud's opinion because the *ALJ himself* does not rely on these rationales. Accordingly, the Court should reject Defendant's argument because the Court is not permitted to supply *post hoc* rationales to uphold the Commissioner's decision. *See Haga v. Astrue,* 482 F.3d 1205, 1207 (10th Cir. 2007) ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Hackett v. Barnhart*, 395 F.3d 1168, 1173 (10th Cir. 2005) (the Court should not "substitute [its] judgment for that of the Commissioner.").

In considering "other source" evidence, the ALJ must consider the evidence, explain the weight given, and provide an adequate rationale which allows a reviewing party to follow the adjudicator's reasoning. The ALJ erred in this regard—he acknowledged Ms. Braud's treatment of Plaintiff and noted that Ms. Kerr walked with a cane. However, the ALJ effectively rejected Ms. Braud's opinion as evidenced by the conflict between the opinion and the RFC. The ALJ was entitled to reject the opinion, but

in doing so, he had to provide an explanation. The ALJ failed in this regard, as his analysis did not allow for a proper review by the Court. As a result, remand is appropriate for further consideration of Ms. Braud's opinion in accordance with SSR 06-03p.

**ORDER**

Having reviewed the medical evidence of record, the transcript of the administrative hearing, the decision of the ALJ, and the pleadings and briefs of the parties, the undersigned magistrate judge **REVERSES** the Commissioner's decision and **REMANDS** the matter for further administrative findings.

**ENTERED** on August 30, 2017.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE