IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| DELILAH KERR, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-16-1417-STE |
| | ) | |
| NANCY A. BERRYHILL, Acting Commissioner of the Social Security Administration, | ) ) ) | |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM OPINION AND ORDER

Before the Court are Plaintiff's Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (ECF No. 25) and Plaintiff's Supplemental Application for Award of Attorney's Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412 (ECF No. 28). Specifically, Plaintiff seeks an award of fees in the amount of $6,109.30 (ECF Nos. 25 & 28). Defendant objects to any award of fees, arguing that her position was "substantially justified." (ECF No. 23). The Court rejects Defendant's argument and **GRANTS** an award of fees to Plaintiff in the amount requested.

### I. ATTORNEY FEES AUTHORIZED UNDER EAJA

EAJA entitles a prevailing party to recover reasonable attorney fees from the government "'unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.'" *Al–Maleki v. Holder*, 558 F.3d 1200, 1204 (10th Cir. 2009) (quoting 28 U.S.C. § 2412(d)(1)(A)). The test for "substantial justification" is one of "reasonableness in law and fact." *Hackett v.*

*Barnhart*, 475 F.3d 1166, 1172 (10th Cir. 2007). In other words, "the government's position must be "justified to a degree that could satisfy a reasonable person." *Pierce v. Underwood*, 487 U.S. 552, (1988).

Once an EAJA application is filed, the government must justify both its position in any underlying administrative proceedings and in any subsequent court litigation. *See Hackett v. Barnhart,* 475 F.3d 1166, 1170 (10th Cir. 2007); 28 U.S.C. § 2412(d)(2)(D) (explaining that the "position of the United States" is "in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based."). Therefore, fees should generally be awarded where the agency's underlying action was unreasonable even if the government advanced a reasonable litigation position. *Id.* at 1174. The burden rests with the government to prove that its position was substantially justified. *Kemp v. Bowen*, 822 F.2d 966, 967 (10th Cir. 1987).

## II. PLAINTIFF IS THE PREVAILING PARTY

Previously, the undersigned ordered reversal of the Commissioner's decision denying Plaintiff's application for disability insurance benefits and a remand for further administrative proceedings. (ECF Nos. 23 & 24). With the reversal and remand, Ms. Kerr is considered the "prevailing party" for purposes of EAJA. *See Shalala v. Schaefer*, 509 U.S. 292 (1993). Thus, the only issues are whether the government's position was "substantially justified" and whether any special circumstances exist which would prevent an award of benefits.

## III. PLAINTIFF IS ENTITLED TO AN AWARD OF BENEFITS

The Court's reversal was based on the ALJ's improper evaluation of opinions from a physician's assistant, Krista Braud. (ECF No. 23:4-9). Ms. Braud had treated Plaintiff for over three years, noting that Ms. Kerr suffered from hip pain and peripheral neuropathy. (ECF No. 23:5). Ms. Braud also noted that Plaintiff suffered from an unsteady gait, which prompted Ms. Braud to prescribe Plaintiff a rolling walker. (ECF No. 23:5).

Although the ALJ mentioned Ms. Braud, he omitted any discussion of her findings that Plaintiff had suffered from an unsteady gait and required an assistive device to ambulate. *See* ECF No. 25:6-9. As the Court explained, the ALJ erred in failing to discuss Ms. Braud's opinion which conflicted with the RFC determination which allowed for standing and walking 6 hours during an 8-hour workday with no accommodation for Ms. Kerr's use of an assistive device. (ECF No. 25:6-9).

In arguing that the Commissioner's position was "substantially justified," Ms. Berryhill reiterates the argument she made on appeal, citing various medical records and arguing that as a whole, the records supported the RFC determination. (ECF. No. 26:4-5). But the issue before the Court was the ALJ's treatment of Ms. Braud's opinion, not whether the RFC was supported by substantial evidence. As the Court stated, the ALJ has a duty to explain the weight given to "other source," evidence, to "ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning[.]" (ECF No. 23:7, *citing* Titles II and XVI: Considering Opinions and Other Evidence from Sources Who are not "Acceptable Medical Sources" in Disability Claims; Considering Decisions on Disability by Other Governmental and

Nongovernmental Agencies, 2006 WL 2329939, at *6 (SSR 06-3p)). The ALJ committed legal error in failing to explain his treatment of Ms. Braud's opinions. (ECF No. 23:7-9).

Due to the legal error, the Court remanded the case for a re-evaluation of Ms. Braud's opinion. (ECF No, 23:9). Until the ALJ properly evaluates Ms. Braud's opinion, a finding on whether the RFC was supported by substantial evidence cannot be made, as the re-examination of the opinion could affect the ultimate RFC findings. Accordingly, the Court finds Ms. Berryhill's argument unconvincing and concludes that her position was not "substantially justified." Accordingly, the Court finds that an award of EAJA fees is appropriate.

## IV. AMOUNT OF RECOVERABLE FEE

Ms. Berryhill did not meet her burden of proof to show that the government's position was "substantially justified." Further, the undersigned knows of no special circumstances which would make an award of attorney fees unjust. Thus, the only remaining issue concerns the reasonableness of the fee requested.

Plaintiff seeks an attorney fee award of $6,109.30, calculated as follows: 2.9 hours of work performed by her attorney in 2016 at a rate of $193.00 per hour ($559.70), 1.4 hours of paralegal work performed in 2016 and 2017 at a rate of $100.00 per hour, ($140.00), and 27.6 hours of work performed by her attorney in 2017 at a rate of $196.00 per hour, ($5,409.60) (ECF Nos. 25-4 & 28-1). Ms. McKnight has provided a detailed breakdown of time expended in representing Ms. Kerr, and the undersigned finds that this uncontroverted statement reflects a reasonable amount of time for this matter. However, an award under EAJA is limited to $125.00 per hour unless the court determines

that an increase in the cost of living or another special factor justifies a higher fee. 28 U.S.C. §2412(d)(2)(A).

Ms. McKnight has requested an upward adjustment of the statutory rate for attorney fees and has provided supporting documentation in the form of a letter dated August 3, 2017, from the Office of the General Counsel of the Social Security Administration. (ECF No. 25-2). This letter shows that for 2016 and 2017, the authorized maximum hourly rate for attorney work in Oklahoma was $193.00 and $196.00, respectively. (ECF No. 25-2). Thus, Ms. Kerr is entitled to an upward adjustment of the hourly attorney fee consistent with the evidence provided. Additionally, Plaintiff is entitled to recover paralegal fees at prevailing market rates. *See Richlin Sec. Serv. Co. v. Chertoff*, 553 U.S. 571, 581 (2008). Plaintiff has submitted the hourly paralegal rate as $100.00 for 2016 and 2017 and Ms. Berryhill has not objected. Therefore, the Court concludes that this hourly rate is reasonable and within the acceptable prevailing market rate.

The Court therefore finds that the Plaintiff is entitled to a total attorney fee award in the amount of **$6,109.30.** Said fee is payable to the Plaintiff. *See Astrue v. Ratliff*, 130 S.Ct. 2521, 2524 (2010). If attorney fees are also awarded under 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's counsel is to refund the smaller amount to Plaintiff. *Weakley v. Bowen*, 803 F.2d 575, 580 (10th Cir. 1986).

**ORDER**

The Court **GRANTS** Plaintiff's Motions for Attorney's Fees **(ECF Nos. 25 & 28)** in the amount of **$6,109.30**.

ENTERED on November 22, 2017.

SHON T. ERWIN
UNITED STATES MAGISTRATE JUDGE